OPINION OF THE COURT
 

 Memorandum.
 

 The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Appellant’s contention that the evidence failed to establish a prima facie case of liability must be rejected. It was not disputed that the bus and the bicycle on which plaintiff was riding collided. There was evidence from which the jury could have concluded that the bus hit the bicycle. There was also evidence from which the jury could have concluded, in the circumstances, that it was negligent on the part of defendant not to have equipped the bus with a right side mirror and that it was negligent on the part of the bus driver to have driven the bus as close to the curbing as he did.
 

 Appellant also urges several asserted errors on the part of the trial court as grounds for reversal. None, however, warrants setting aside the verdict of the jury. Appellant correctly argues that it was error to have admitted the testimony of Sergeant Hansen, the investigating officer, that the driver of the bus (who was deceased at the time of the trial) told him at the scene “that an unidentified passenger had come up to him after he had passed the
 
 *771
 
 guy on the bike, and the unidentified passenger said that he had struck the person on the bike”. This was properly objected to as hearsay. Indeed, Sergeant Hansen’s testimony as to the statement of the unidentified passenger was double hearsay, not within any of the exceptions to the hearsay rule. We conclude, however, in view of the other evidence properly before the jury that the admission of this evidence was harmless and not of sufficient significance to warrant reversal.
 

 That the bus and bicycle had come into contact was never disputed. The statement of the unidentified passenger was not evidence of any negligence on the part of the bus driver, the critical issue for jury determination. To the extent that the statement could have been taken as proof that the bus struck the bicycle, rather than the reverse, it was only cumulative of other evidence to the same effect that was properly received. There was the statement of Mrs. Vanderhorst, the passenger in the following automobile who immediately came on the scene, that plaintiff said “The bus, it hit me. I think I broke my arm”. It was not an abuse of discretion or otherwise erroneous as a matter of law for the trial court to have admitted this testimony, over a hearsay objection, as part of the
 
 res gestae.
 
 If this testimony were to be discounted, as coming from an interested party, there was also the receipt in evidence of the memo book of Sergeant Hansen which contained the entry “unidentified passenger reported he had hit the bike rider”. The only objection registered to the introduction of the memo book was that it was “not the best evidence. The witness is the best evidence.” This objection was properly rejected. The “best evidence” objection was inapplicable inasmuch as the memo book was not introduced to prove the contents of another original written document (see Richardson, Evidence [Prince, 10th ed], § 568, p 578). Any other ground for its exclusion was not preserved for our consideration.
 

 As to the testimony of passenger Hart that an unidentified passenger yelled out, “Stop, you hit someone”, the trial court sustained defendant’s objection and granted its motion to strike the testimony. Defendant never later pursued the court’s statement that it would “explain it to the jury”.
 

 
 *772
 
 As to the contemporaneous entry made on an index card by Mrs. Hart, the trial court initially directed redaction of the critical portion — “People on bus said ‘Stop, you hit the boy on the bike’”. After the redacted portion was later restored and properly admitted, over defendant’s objection, to refute the assertion of recent fabrication by the witness, the trial court instructed the jury that such portion was “not legal proof of the facts stated in it. If, however, you find that the statement is consistent with the testimony given by Mrs. Hart at the trial, you may consider that fact in determining whether you will accept all or part or none of the testimony she gave during the trial, and what weight you will give to the testimony. You may not consider that statement for any other purpose.”
 

 Finally, appellant contends that the trial court erred in its charge to the jury with respect to the applicable requirements of the Vehicle and Traffic Law regarding the necessity for a right-hand side mirror. The court charged in the exact language of section 375 (subd 10, par a), that the statute stated, “Every motor vehicle, when driven or operated upon a public highway, shall be equipped with a mirror or other reflecting device, so adjusted that the operator of such vehicle shall have a clear and full view of the road and condition of traffic behind such vehicle”. This provision neither required a right-hand side mirror nor relieved defendant of the obligation to provide one; it left determination as to compliance with the statutory prescription in the circumstances to the jury. Defendant did not protest the charge of paragraph a as given, but requested a further charge that because paragraph b had been added to subdivision 10 in 1970 requiring that an omnibus manufactured or assembled after July 1, 1970 be equipped with a mirror attached to the right side of the omnibus, no such mirror was statutorily required on omnibuses manufactured prior to that date (which would have included the omnibus involved in the present case). The trial court properly refused this request. It does not follow that, because an explicit requirement for a right side mirror was imposed in all circumstances with respect to post-1970 omnibuses, the jury could not find that such a mirror had previously been required under the more general language of paragraph a in some circumstances. No
 
 *773
 
 contention was advanced that the evidence in this case wasv insufficient to warrant a charge with respect to paragraph a.
 

 We have examined appellant’s other contentions and find none sufficient to warrant reversal of the jury verdict.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.