■ FRANK NAPPI, Respondent, v LOUIS P. GERDTS et al., Appellants. — In an action against the individual defendant to recover upon a note and for money had and received, and against the corporate defendant to recover sales commissions, defendants appeal from a judgment of the Supreme Court, Queens County (Graci, J.), dated March 10, 1983, which, after a nonjury trial, was in favor of plaintiff in the principal sum of $15,000 payable by the individual defendant, and the principal sum of $14,500 payable by the corporate defendant, and which dismissed defendants' counterclaims. ¶ Judgment affirmed, with costs. ¶ We agree with defendants' contention that the best evidence rule did not preclude admission into evidence of the corporate check stubs, since they were not offered to prove the contents of the corresponding checks but, rather, to prove that plaintiff was in fact paid (see *Flynn v Manhattan & Bronx Surface Tr. Operating Auth.*, 61 NY2d 769; Richardson, Evidence [Prince, 10th ed], § 572). However, defendants failed to establish at trial that the stubs were completed in the regular course of the corporation's business and that it was the regular course of such business to complete the stubs at the time that the checks were issued or within a reasonable time thereafter. Accordingly, the stubs were not admissible as business records (CPLR 4518, subd [a]), and therefore were not admissible to prove either the fact of payment or the purpose thereof (see *Matter of Roge v Valentine*, 280 NY 268, mot for rearg den 280 NY 809; *Leask v Hoagland*, 205 NY 171; *Shea v McKeon*, 264 App Div 573). ¶ While the defense was entitled to use the stubs in an attempt to refresh the recollection of witnesses, it could only do so where a particular witness indicated that he or she was presently unable to recall sufficient facts to testify from memory (see Richardson, Evidence [Prince, 10th ed], § 466; see, also, *People v Boice,* 89 AD2d 33). Thus, the trial court properly precluded defense counsel from attempting to refresh the recollection of the bookkeeper, who gave no indication that he was presently unable to recall. However, the trial court erred when it refused to allow defense counsel to attempt to revive plaintiff's present recollection, since he testified that he did not recall having received the payments in question. We nevertheless conclude that in view of the other evidence properly before the trier of fact, this error was harmless and, therefore, not of sufficient magnitude to warrant reversal (see *Flynn v Manhattan & Bronx Surface Tr. Operating Auth.,* 61 NY2d 769, *supra*). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.