■ 708 ESTATES CORP., Appellant, v ROYAL GLOBE INSURANCE COMPANY et al., Respondents.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered February 10, 1989, dismissing the complaint upon a jury verdict, is unanimously affirmed, with costs. Appeal from the order of

the same court, entered on or about January 31, 1989, denying plaintiff's motion to set aside the verdict, is dismissed, the order having been subsumed within the judgment, with costs.

In this action on two fire insurance policies, defendants refused to pay plaintiff's insurance claim on the ground of arson and fraud. At a trial on the question of liability only, unrefuted evidence was presented by a fire marshal that the fire was of incendiary origin. Also presented was much evidence concerning plaintiff's financial indebtedness, numerous Building Code violations pending against the premises, an ongoing rent strike because of lack of heat and hot water and generally squalid conditions, and a campaign of harassment by plaintiff's principal, Harry Fotopolous, against a tenant who was a leader of the rent strike and who had testified against Fotopolous in Housing Court. Also offered was the testimony of this tenant's employer, State Senator Franz Leichter, who had represented a number of the tenants during the rent strike and proceedings in Housing Court. Plaintiff claims that this testimony, offered by a former political rival of Mr. Fotopolous, was prejudicial and denied him a fair trial. Further, it appears that Mr. Fotopolous, who was having lunch in a restaurant near the subject premises but from which the premises were not visible, upon hearing the sirens of fire engines, spontaneously rose and declared that his building was on fire.

The Trial Judge explained to the jury that Leichter's testimony was being offered not to establish the truth of complaints against the landlord, but only to show that such complaints had been made. The purpose of this testimony was to establish Fotopolous' motive to commit arson. Hearsay testimony is permissible for the purpose of establishing motive (Richardson, Evidence § 288 [Prince 10th ed]). Even if Leichter's testimony should have been excluded, the evidence was otherwise so overwhelming as to justify the verdict for defendants *(Flynn v Manhattan & Bronx Surface Tr. Operating Auth.,* 61 NY2d 769). Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.