■ SAKINA KHAN, Respondent, v ELIZABETH M. GALVIN et al., Appellants, and SAADAT KHAN, Respondent. (And Another Related Action.) [615 NYS2d 111] —Casey, J. Appeal from an judgment of the Supreme Court (Hughes, J.), entered June 18, 1993 in Albany County, upon a verdict rendered in favor of plaintiff.

These actions arise out of a two-car accident which occurred at an intersection in the Town of Bethlehem, Albany County. Defendant Elizabeth M. Galvin (hereinafter defendant) attempted to make a left-hand turn from the northbound lane and her vehicle was struck near the right front wheel by a southbound vehicle in which plaintiff was a passenger. During her direct examination as part of her action against the owner of the other vehicle, defendant was unable to recall either the speed of the other vehicle at impact or whether it skidded

prior to impact. Defendant was then shown a signed written statement she had given seven months after the accident, in which she stated that the other vehicle was traveling at a fast rate of speed and skidded into the intersection. When defendant was asked if the statement refreshed her recollection as to whether the other vehicle skidded before impact, plaintiff's counsel objected on the ground that defendant's counsel was attempting to cross-examine his own witness. Supreme Court sustained the objection and refused the request of defendant's counsel to be heard on the ruling. The court also sustained an objection to defendant's offer of the statement into evidence.

Defendant contends that her prior statement was properly used as a means of refreshing her recollection and that if it did not refresh her recollection, the statement was admissible as past recollection recorded (see, Richardson, Evidence § 466, at 454-457; § 469, at 460-461 [Prince 10th ed]). We conclude that the error in curtailing defendant's testimony as to whether her recollection was refreshed by the statement was harmless.

Reversal is required only when the excluded matter would have had a substantial influence in bringing about a different verdict (Dizak v State of New York, 124 AD2d 329, 330; see, CPLR 2002). If the excluded matter was merely cumulative of other evidence, no prejudice arises out of its exclusion (see, Forman v Azzara, 23 AD2d 793, 794, affd 16 NY2d 955). Defendant concedes that there was other evidence in the record from which the jury could have concluded that the other vehicle was traveling fast as it approached the intersection. Defendant testified that the road ahead was clear when she began her turn and that the other vehicle came over the crest of a hill and hit her vehicle near the right front wheel. Considering the evidence as to the distance from the crest of the hill to the intersection, defendant's version of the accident could only have occurred if the other vehicle was approaching the intersection at a high rate of speed.

Defendant contends, however, that the evidence of the other vehicle skidding prior to impact was necessary to demonstrate the sudden application of brakes which, according to defendant, would establish "the logically necessary nexus" between the vehicle's high speed as it approached the intersection and the uncontroverted low speed at impact. Had the jury believed defendant's testimony, it necessarily would have concluded that the vehicle in which plaintiff was riding decelerated rapidly prior to impact. The evidence of skidding, either from defendant's testimony of present recollection revived by her

prior statement or from the statement itself as past recollection recorded, would have added nothing to defendant's version of the accident, particularly in the absence of any evidence from which the jury could have determined the distance of the skidding claimed by defendant. Defendant contends that with the evidence of skidding, the jury could easily have credited her version of the accident, but considering all of the evidence in the record we find defendant's contention to be pure speculation and insufficient to demonstrate the requisite prejudice *(see, Flynn v Manhattan & Bronx Surface Tr. Operating Auth.,* 61 NY2d 769, 771; *Nappi v Gerdts,* 103 AD2d 737).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, with costs.