■ JEFFREY LEVITIN, Respondent, v BOARDWALK CAPITAL, LLC, Appellants, et al., Defendants. [912 NYS2d 101]—

In an action to foreclose a mortgage on a condominium unit, the defendants Boardwalk Capital, LLC, Theodore Welz, and Necha Welz appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 24, 2009, as granted the plaintiff's motion for summary judgment on the complaint, and (2) from an order of reference of the same court dated July 20, 2009, which, inter alia, referred the matter to a referee for a hearing, inter alia, on the issue of the amount due on the mortgage.

Ordered that the appeal from the order of reference dated July 20, 2009, is dismissed; and it is further,

Ordered that the order dated April 24, 2009, is reversed insofar as appealed from, on the law, and the plaintiff's motion for summary judgment on the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the order of reference dated July 20, 2009, inter alia, referring the matter to a referee, is dismissed, as the order is not appealable as of right (see Security Natl. Servicing Corp. v Liebowitz, 281 AD2d 615 [2001]; Matter of Mitchell v A.J. Med. Supply, 141 AD2d 732 [1988]), and, in any event, the appeal has been rendered academic in light of our determination of the appeal from the order dated April 24, 2009.

The plaintiff commenced this foreclosure action alleging, upon information and belief, that the defendant Boardwalk Capital, LLC (hereinafter Boardwalk), was the record owner of a condominium unit in Brooklyn, which secured a six-month note (hereinafter the note) and mortgage held by the plaintiff and individually guaranteed by the defendants Theodore Welz and Necha Welz, in the sum of $499,500, plus interest. The complaint further alleged that Boardwalk was in default on the note for the balance of $499,500, plus interest from November 1, 2006, late charges, and other expenses.

Boardwalk and the Welz defendants (hereinafter collectively the defendants) answered the complaint and asserted various

affirmative defenses which alleged, inter alia, that the plaintiff unreasonably and improperly refused to accept payments under the mortgage and the note.

To establish a prima facie showing of entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit evidence of the mortgage and note, and the defendant's default thereunder (*see Capstone Bus. Credit, LLC v Imperia Family Realty, LLC*, 70 AD3d 882, 883 [2010]; *Aurora Loan Servs., LLC v Thomas*, 53 AD3d 561 [2008]; *U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]). Here, the plaintiff failed to submit evidence of the defendants' default under the note. Since the plaintiff failed to tender "sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), it failed to meet its prima facie burden and, thus, it is not necessary to consider the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the foregoing, we need not reach the defendants' remaining contentions. Rivera, J.P., Eng, Hall and Roman, JJ., concur.