New Rainbow Heaven LLC v Wesco Ins. Co. (2018 NY Slip Op 05117)





New Rainbow Heaven LLC v Wesco Ins. Co.


2018 NY Slip Op 05117


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Kahn, Singh, Moulton, JJ.


7082 655648/16

[*1]New Rainbow Heaven LLC, et al., Plaintiffs-Respondents,
v
Wesco Insurance Company, Defendant-Appellant.


Mound Cotton Wollan & Greengrass LLP, New York (Kevin F. Buckley of counsel), for appellant.



Order, Supreme Court, New York County (Arthur F. Engeron, J.), entered December 20, 2017, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The record does not demonstrate as a matter of law that the fire that destroyed plaintiff Lin's restaurant and the building she owned in which it was located was caused by Lin herself and that therefore defendant was entitled to deny Lin's claims under its insurance policy on the ground of fraud during the investigation of the loss. The evidence indicates that the property, located in Hornell, New York, may have been destroyed by arson and that Lin may have had a motive to destroy it (see Phillips v State Farm Fire & Cas. Co. , 225 AD2d 457 [1st Dept 1996]). However, while email correspondence between a related insurance company's personnel and an independent claims adjuster shows that the fire was suspicious and was under investigation as possible arson, there is no "unrefuted evidence . . . by a fire marshal that the fire was of incendiary origin" (708 Estates Corp. v Royal Globe Ins. Co. , 160 AD2d 621, 622 [1st Dept 1990]). While defendant's internal telephone notes state that the police and the state crime bureau determined that Lin's alibi that she was in New York City on the day of the fire "checked out," a Hornell police officer said in an affidavit that he had seen Lin's car parked outside the restaurant on the night of the fire, and a store employee testified that he had sold wood shingles to Lin the day before the fire. These conflicts pose credibility issues to be resolved by a factfinder (see Castillo v General Acc. Ins. Co. of Am. , 111 AD2d 112, 113 [1st Dept 1985] [insured not entitled to summary judgment in action for insurance benefits for stolen car where "circumstances disclosed in the record raise an issue of plaintiff's credibility with regard to a matter within his exclusive knowledge sufficient to require a trial"]). Lin testified that she used her cell phone to call a seafood company while she was on her way to New York City. In light of the other factual issues presented by the record, defendant's cell phone expert's report of three outgoing calls from Lin's phone from a tower near her restaurant on the night of the fire is conclusive of neither arson nor Lin's whereabouts on that night.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK