Bank of N.Y. Mellon v Weber (2019 NY Slip Op 01383)





Bank of N.Y. Mellon v Weber


2019 NY Slip Op 01383


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-00128
 (Index No. 4633/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Charles Weber, etc., et al., appellants, et al., defendant.


Harvey Sorid, Uniondale, NY, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Richard N. Franco of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Charles Weber and Barbara Weber appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 22, 2015. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Charles Weber and an order of reference and denied the cross motion of the defendant Charles Weber for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the appeal by the defendant Barbara Weber is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as appealed from by Charles Weber, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Charles Weber and an order of reference is denied, and that branch of the cross motion of the defendant Charles Weber which was for summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's failure to comply with RPAPL 1304 is granted.
In 2007, the defendant Charles Weber borrowed $215,000 from Countrywide Home Loans, Inc. (hereinafter Countrywide), and, in return, executed a note and, along with the defendant Barbara Weber, gave a mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide, encumbering real property located in Westbury. In 2008, Charles Weber entered into an agreement with Countrywide modifying the principal amount of the loan to $225,887.18. In 2012, MERS, as nominee for Countrywide, executed a corrective assignment of mortgage in favor of the plaintiff, Bank of New York Mellon (hereinafter BNYM).
In 2014, BNYM commenced this foreclosure action alleging that it was the owner and holder of the note and mortgage and that Charles Weber and Barbara Weber had defaulted under the terms of the note and mortgage by failing to make the monthly payment due October 1, 2012. [*2]Attached to the complaint were copies of the note endorsed in blank, the mortgage, and the loan modification agreement. Only Charles Weber served an answer.
The plaintiff moved for summary judgment on the complaint insofar as asserted against Charles Weber, leave to enter a default judgment against the remaining nonappearing and nonanswering defendants, including Barbara Weber, an order of reference, and leave to amend the caption to substitute Keisha Weber, Charles Weber, Sr., and Kim Weber in place of "John Doe." In support of its motion, the plaintiff submitted the affidavit of Cynthia Wallace, second assistant vice president of Specialized Loan Servicing, LLC (hereinafter SLS), which is "the mortgage loan servicing agent and attorney-in-fact of the Plaintiff." The plaintiff also submitted a notice of default and notice of intent to foreclose, dated September 17, 2013, a 90-day foreclosure notice, dated May 22, 2013, a proof of filing statement from the New York State Department of Financial Services, and a limited power of attorney dated January 14, 2015, appointing SLS as the plaintiff's attorney-in-fact and agent. Charles Weber opposed the motion, arguing, in part, that Wallace's affidavit did not provide a sufficient foundation to admit the evidence supporting the plaintiff's motion. Charles Weber also cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's failure to comply with RPAPL 1304. By order entered October 22, 2015, the Supreme Court granted the motion and denied the cross motion.
The appeal by Barbara Weber from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Charles Weber and denied the motion of Charles Weber for summary judgment dismissing the complaint insofar as asserted against him must be dismissed because Barbara Weber is not aggrieved by those portions of the order (see Mixon v TBV, Inc., 76 AD3d 144, 156-157). The appeal by Barbara Weber from so much of the order as granted that branch of the plaintiff's motion which was for an order of reference must be dismissed because that portion of the order was entered upon her default (see CPLR 5511).
On a motion for summary judgment, a plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 953-954; US Bank N.A. v Madero, 125 AD3d 757). In an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the note, and evidence of the defendant's default in payment (see HSBC Mtge. Servs., Inc. v Royal, 142 AD3d at 953; Levitin v Boardwalk Capital, LLC, 78 AD3d 1019; Rose v Levine, 52 AD3d 800, 801). In order to lay a proper foundation for the admission of evidence under the business records exception to the hearsay rule, the proponent thereof must establish that the subject record was "made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518[a]; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508; People v Kennedy, 68 NY2d 569, 579-580; Matter of Leon RR, 48 NY2d 117, 122; People v Cordova, 127 AD3d 1227, 1228).
Here, Wallace attested that she had "personal knowledge of the facts of this matter," the source of which was her "review of the books and records of said agent of Plaintiff and her own knowledge of the account records regarding the delinquent account of Defendants." Wallace further attested that "[t]he servicing records" showed that (1) a notice of default was mailed to Charles Weber on September 17, 2013, via certified mail, (2) "[t]he default stated in said notice was not cured," and (3) a 90-day notice (see RPAPL 1304) was sent to Charles Weber on May 22, 2013, "by registered or certified and first class mail."
The plaintiff failed to demonstrate that the records Wallace relied upon were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]). Wallace did not attest to personal knowledge of SLS's record-keeping business practices and procedures (cf. [*3]Citimortgage, Inc. v Espinal, 134 AD3d 876, 877). Wallace also failed to attest that the records were made in the regular course of SLS's business and that it was the regular course of SLS's business to make them, at the time of the act, transaction, occurrence, or event, or within a reasonable time thereafter (see CPLR 4518[a]; People v Kennedy, 68 NY2d at 580; cf. HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822; Central Mtge. Co. v Jahnsen, 150 AD3d 661; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074; Citimortgage, Inc. v Espinal, 134 AD3d at 877). Thus, Wallace failed to lay a proper foundation for the admission of records, and her assertions based on these records were inadmissible (see HSBC Mtge. Servs., Inc. v Royal, 142 AD3d at 954). Inasmuch as the plaintiff's motion was based on evidence that was not in admissible form, it failed to establish its prima facie entitlement to judgment as a matter of law (see Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d 957, 959; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d at 954; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652; Nappi v Gerdts, 103 AD2d 737). Therefore, the plaintiff's motion should have been denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Levitin v Boardwalk Capital, LLC, 78 AD3d at 1020).
Contrary to the plaintiff's contention, noncompliance with RPAPL 1304 may be raised at any time during the action (see Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; U.S. Bank N.A. v Carey, 137 AD3d 894, 896; Citimortgage, Inc. v Espinal, 134 AD3d at 879; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The Supreme Court should have granted that branch of Charles Weber's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's failure to comply with RPAPL 1304. In support of his cross motion, Charles Weber established, prima facie, that the plaintiff failed to comply with RPAPL 1304 (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Wells Fargo Bank, N.A., v Eisler, 118 AD3d 982; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95; see also Investors Sav. Bank v Salas, 152 AD3d 752; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049). In opposition, the plaintiff failed to raise a triable issue of fact (see Wells Fargo Bank, N.A., v Eisler, 118 AD3d at 982-983; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106).
In light of our determination, we need not reach Charles Weber's remaining contentions.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court