■ CITIMORTGAGE, INC., Successor by Merger to ABN AMRO MORTGAGE GROUP, INC., Respondent, v BETTY M. ESPINAL, Appellant, et al., Defendants. [23 NYS3d 251]—

In an action to foreclose a mortgage, the defendant Betty M. Espinal appeals from an order of the Supreme Court, Kings County (Dear, J.), dated July 1, 2014, which granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against her and for an order of reference against her.

Ordered that the order is affirmed, with costs.

This is an action to foreclose a mortgage on the residence of the defendant Betty M. Espinal (hereinafter the appellant). The mortgage and note were issued on September 20, 2007. The original mortgage creditor was ABN AMRO Mortgage

Group, Inc. (hereinafter ABN), which had merged with the plaintiff, Citimortgage, Inc. (hereinafter Citimortgage), on September 1, 2007.

The action was commenced in July 2010. In her answer, the appellant alleged the affirmative defenses of lack of standing and partial payment of past-due balances. Citimortgage moved for summary judgment, submitting the affidavit of its employee Heather Polly, a "Vice President - Document Control," and copies of the note, mortgage, and notices of default dated October 9, 2009, and February 9, 2010, respectively. Polly stated that she had reviewed the loan records maintained by Citimortage in the course of its regularly conducted business activities and that she had personal knowledge as to how those records were maintained. She asserted that Citimortgage was the successor by merger of ABN, the original mortgage creditor. She further asserted that the appellant defaulted by failing to make the monthly installment payment due December 1, 2009, leaving an unpaid principal balance of $495,026.76. With respect to the notice of the default, she stated that "[a] demand for payment of the mortgage arrears was made by correspondence dated February 9, 2010," which complied "with the default procedures both as to form and timing as set forth in Paragraph 22 (b) of the Mortgage" and was mailed to the appellant by first class mail at her last known address. Further, Polly averred that "a ninety (90) day pre-foreclosure notice ('90 Day Notice')" (*see* RPAPL 1304) "was sent to [the appellant] on October 9, 2009 . . . to the address of the property . . . and to [the appellant's] last known address . . . by registered or certified and first class mail."

In opposition, the appellant's attorney contended that the default date of December 1, 2009, was in "direct contradiction" to the notices of default, which set forth earlier default dates. The appellant's attorney further stated that Polly's affidavit failed to prove that the notices of default, including the notice pursuant to RPAPL 1304, were mailed to the appellant. With respect to standing, the appellant's attorney contended that the mortgage and note were "ostensibly invalid" because the merger between ABN and Citimortgage occurred before the mortgage and note to ABN was executed. The appellant's attorney further noted that, on November 26, 2007, Citimortgage sold the mortgage to Hudson City Savings Bank in an agreement whereby Citimortgage kept possession of the note and acted as servicer of the mortgage loan. The appellant's attorney argued that Citimortgage did not have standing in this action since the mortgage and note were held by two different entities.

In reply, Citimortgage submitted an affidavit from Lesa Duddey, another "Vice President - Document Control," explaining that the appellant made some payments throughout 2009 and early 2010, which were applied to sums due September 1, October 1, and November 1, 2009, but no further payments were made. Therefore, the appellant was in default of the payment due December 1, 2009. Citimortgage noted that the appellant did not deny receipt of the RPAPL 1304 notice in her opposition papers. Duddey produced the United States Postal Service tracking number for the notice and a copy of Citimortgage's correspondence log, and stated that Citimortgage's "standard business procedure regarding all notices to the borrower(s)" is to enter mailing information in the correspondence log.

The Supreme Court, in the order appealed from, granted Citimortgage's motion for summary judgment. The court found that Polly's affidavit did not provide sufficient evidence of mailing of the notices of default dated October 9, 2009, and February 9, 2010, to the appellant. The court relied on *HSBC Mtge. Corp. (USA) v Gerber* (100 AD3d 966, 967 [2012]), which stated that the "unsubstantiated and conclusory statements in the affidavits of the plaintiff's employees" that a required notice was "sent" to the borrower were insufficient to prove that the notice was mailed by first-class mail, even if accompanied by a copy of the notice. However, the Supreme Court found that Duddey's affidavit was sufficient to prove mailing. The court further found that it was authorized to consider evidence submitted for the first time in reply papers because the issue of whether Citimortgage had given notice pursuant to RPAPL 1304 was raised for the first time in the appellant's opposition papers and the court gave the appellant an opportunity to submit a surreply, which the appellant declined to do. Finally, the court found that Citimortgage had standing to foreclose the mortgage as holder of the note, and servicer of the mortgage loan.

Citimortgage established its prima facie entitlement to summary judgment. Polly's assertions constituted competent evidence, based upon the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *Brighton BK, LLC v Kurbatsky*, 131 AD3d 1000 [2015]). The fact that the complaint and Polly's affidavit asserted that the default date was December 1, 2009, while notices of the default asserted earlier default dates, was explained by the fact, asserted in the appellant's answer, that partial payments were made. Thus, Citimortgage submitted sufficient evidence of default (*see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015];

*Emigrant Mtge. Co., Inc. v Beckerman,* 105 AD3d 895, 895 [2013]).

Since the mortgage is a home loan as defined in RPAPL 1304, that provision required that at least 90 days before the commencement of an action to foreclose the mortgage, the borrower must be provided with notice of the default, on a specified form, by registered or certified mail and also by first-class mail (*see* RPAPL 1304 [2]). However, RPAPL 1302 only requires pleading compliance with RPAPL 1304 where the mortgage is a high-cost home loan or subprime home loan, and there is no allegation that that was the case here. Therefore, the complaint in this case did not plead compliance with RPAPL 1304, and the appellant's answer did not mention compliance. Nevertheless, failure to comply with RPAPL 1304 constituted a defense to the mortgage foreclosure action (*see Pritchard v Curtis,* 101 AD3d 1502, 1504 [2012]), which could be raised at any time (*see Aurora Loan Servs., LLC v Weisblum,* 85 AD3d 95, 107 [2011]; *First Natl. Bank of Chicago v Silver,* 73 AD3d 162, 163 [2010]).

The Supreme Court properly concluded that, although Polly's affidavit was too "conclusory" to establish proper service of notices of the default (*see HSBC Mtge. Corp. [USA] v Gerber,* 100 AD3d 966 [2012]), Duddey's affidavit was sufficient to establish proper service (*see Bossuk v Steinberg,* 58 NY2d 916, 919 [1983]; *Nassau Ins. Co. v Murray,* 46 NY2d 828, 829 [1978]; *Onewest Bank, NA v Rubio,* 2015 WL 5037111, 2015 US Dist LEXIS 113306 [SD NY, Aug. 26, 2015, No. 14-CV-3800 (CS)]). Under the circumstances of this case, the Supreme Court providently considered Duddey's affidavit, submitted by Citimortgage in its reply papers. Although a party moving for summary judgement cannot meet its prima facie burden by submitting evidence for the first time in reply (*see Arriola v City of New York,* 128 AD3d 747, 749 [2015]; *Poole v MCPJF, Inc.,* 127 AD3d 949, 950 [2015]; *Tingling v C.I.N.H.R. Inc.,* 74 AD3d 954 [2010]), and generally, evidence submitted for the first time in reply papers should be disregarded by the court (*see e.g. Adler v Suffolk County Water Auth.,* 306 AD2d 229, 230 [2003]), exceptions to the rule arise when the evidence submitted is in response to allegations raised for the first time in the opposition papers (*see David v Chong Sun Lee,* 106 AD3d 1044, 1045 [2013]; *Conte v Frelen Assoc., LLC,* 51 AD3d 620, 621 [2008]; *Ryan Mgt. Corp. v Cataffo,* 262 AD2d 628 [1999]), and/or when the other party is given an opportunity to respond to the reply papers (*see Pennachio v Costco Wholesale Corp.,* 119 AD3d 662 [2014]; *Zernitsky v Shurka,* 94 AD3d 875, 876

[2012]). Here, the appellant raised the issue of proper service of the RPAPL 1304 notice for the first time in her opposition papers, and the Supreme Court gave the appellant an opportunity to respond to Duddey's affidavit.

Contrary to the appellant's contention, the mortgage was not invalid merely because it was issued in the name of a corporation which no longer existed in its own right, since a dissolved corporation has the authority to discharge all its contracts, and collect all its assets (*see* Business Corporation Law § 1005 [a] [2]). Upon the merger, the merged corporation acquired all the assets of the constituent corporations (*see* Business Corporation Law § 906 [b] [1]). Moreover, the subsequent sale of the mortgage to Hudson City Savings Bank did not divest Citimortgage of standing, since, pursuant to the sale agreement, Citimortgage acted as servicer of the mortgage loans. As servicer, Citimortgage had standing to foreclose the mortgage (*see CWCapital Asset Mgt., LLC v Great Neck Towers, LLC*, 99 AD3d 850 [2012]). In any case, Citimortgage retained possession of the note, and therefore retained standing to foreclose, since the note was the dispositive document (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]).

Accordingly, the plaintiff's motion for summary judgment was properly granted. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.