■ U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee as Successor by Merger to LaSalle Bank NA, as Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1TRUST, Appellant, v Robert Carey, Also Known as Robert J. Carey, et al., Respondents, et al., Defendants. [28 NYS3d 68]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered August 11, 2014, which denied its motion, inter alia, for an order of reference and for leave to enter a default judgment against the defendants Robert Carey, also known as Robert J. Carey, and Marie C. Carey, also known as Marie Carey, on the ground that the plaintiff failed to prove compliance with RPAPL 1304, with leave to renew within 60 days, and (2) an order of the same court, entered March 19, 2015, which denied, as untimely, its motion for leave to renew its prior motion and, sua sponte, dismissed the complaint without prejudice.

Ordered that the order entered August 11, 2014 is reversed, on the law, the order entered March 19, 2015 is vacated, the complaint is reinstated, and the plaintiff's motion, inter alia, for an order of reference and for leave to enter a default judgment against the defendants Robert Carey, also known as Robert J. Carey, and Marie C. Carey, also known as Marie Carey, is granted; and it is further,

Ordered that the appeal from the order entered March 19, 2015 is dismissed as academic, in light of our determination on the appeal from the order entered August 11, 2014; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In January 2007, the defendants Robert Carey, also known as Robert J. Carey, and Marie C. Carey, also known as Marie Carey (hereinafter together the borrowers), executed a note in

the principal sum of $870,000 and a mortgage on their residence in Glen Cove, Nassau County. The instant foreclosure action was commenced in February 2013 by filing the summons and complaint. Annexed to the complaint were, inter alia, a copy of the note for $870,000 and the mortgage, and copies of notices pursuant to RPAPL 1304 of the borrowers' default.

The borrowers did not appear or answer the complaint. By notice of motion dated April 10, 2014, the plaintiff moved, inter alia, for an order of reference and for leave to enter a default judgment against them. In support of the motion, the plaintiff submitted the affidavit of Shelbie Hale, document control officer of Select Portfolio Servicing, Inc., the servicer of the loan. Hale stated that, based upon the business records of Select Portfolio Servicing, Inc., and the prior loan servicer JP Morgan Chase Bank, N.A., Hale's review of those records, and from Hale's "own personal knowledge of how [records] are kept and maintained," the borrowers defaulted on payment of the loan, payment of the loan balance was accelerated, and "a ninety (90) day pre-foreclosure notice was sent to the Borrowers on October 22, 2012 . . . by registered or certified and first class mail." Copies of the notices were annexed to the motion papers. The borrowers did not oppose the motion.

In the order appealed from entered August 11, 2014, the motion was denied, with leave to renew within 60 days, on the ground that the plaintiff's allegations of compliance with RPAPL 1304 were "conclusory in nature and have failed to establish such compliance or provide a reason why such compliance was not required." The Supreme Court further stated that if a motion for leave to renew were not made within 60 days, the action would be deemed abandoned pursuant to CPLR 3215 (c).

Thereafter, the plaintiff moved for leave to renew, stating that the defense of a violation of RPAPL 1304 was waived by the borrower's failure to appear or answer the complaint. In the order appealed from entered March 19, 2015, the Supreme Court denied the motion as untimely on the ground that the "sixty (60) day extension heretofore afforded was more than sufficient," and sua sponte dismissed the complaint without prejudice.

Where a loan is a home loan for the borrower's principal residence (see RPAPL 1304 [5] [b]), the mortgage creditor contemplating a mortgage foreclosure action is required, pursuant to RPAPL 1304, to serve the borrower with notice of his or her default in a specified form by registered or certified mail

and first class mail at least 90 days prior to the commencement of the action (*see* RPAPL 1304 [2]). Failure to comply with RPAPL 1304 is not jurisdictional (*see Pritchard v Curtis*, 101 AD3d 1502, 1505 [2012]). Rather, it is a defense which may be raised at any time (*see Citimortgage, Inc. v Espinal*, 134 AD3d 876 [2015]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 105 [2011]; *First Natl. Bank of Chicago v Silver*, 73 AD3d 162 [2010]). However, in this case, that defense has never been raised by the borrowers. Therefore, the plaintiff was not required to disprove that defense (*see Citimortgage, Inc. v Espinal*, 134 AD3d 876 [2015]; *PHH Mtge. Corp. v Celestin*, 130 AD3d 703 [2015]; *TD Bank, N.A. v Spector*, 114 AD3d 933 [2014]).

Accordingly, the plaintiff's motion, inter alia, for an order of reference and for leave to enter a default judgment should have been granted, and the question of whether the plaintiff's motion for leave to renew that motion was properly denied is rendered academic (*see 5000, Inc. v Hudson One, Inc.*, 130 AD3d 678 [2015]). Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.