■ FLAGSTAR BANK, FSB, Appellant, v LUCREZIA JAMBELLI et al., Defendants. [32 NYS3d 625]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated January 30, 2015, which denied, without prejudice, that branch of its unopposed motion which was pursuant to RPAPL 1321 for an order of reference.

Ordered that the order is reversed, on the law, without costs or disbursements, and that branch of the plaintiff's unopposed motion which was pursuant to RPAPL 1321 for an order of reference is granted.

On September 24, 2009, the defendants Lucrezia Jambelli and Raffaele Martino obtained a home loan from the plaintiff and executed a note evidencing the loan. The note was secured by a mortgage on real property located in Massapequa (hereinafter the subject property). The mortgage was executed by the defendants Lucrezia Jambelli, Raffaele Martino, and Myslym Jambelli (hereinafter collectively the defendants). In January 2011, the defendants defaulted on their payment obligations. On December 8, 2011, the plaintiff commenced this action to foreclose the mortgage and thereafter served the de-

fendants with the summons and complaint. Annexed to the complaint were copies of the note, mortgage, assignment of mortgage, and notices to each of the defendants pursuant to RPAPL 1304. The defendants failed to appear or answer the complaint. In August 2014, the plaintiff moved for an order of reference, for leave to enter a default judgment, and for leave to amend the caption. The plaintiff and the defendants, appearing by counsel, executed a written stipulation dated August 28, 2014, adjourning the return date of the motion to October 14, 2014. Despite the adjournment, the defendants neither opposed the motion nor cross-moved for other relief. The Supreme Court denied, without prejudice, that branch of the motion which was for an order of reference on the ground that the plaintiff failed to demonstrate that it had complied with the pre-foreclosure notice requirements of RPAPL 1304. The plaintiff appeals.

Where a loan is a home loan for the borrower's principal residence (see RPAPL 1304 [5] [b]), the mortgage creditor contemplating a mortgage foreclosure action is required, pursuant to RPAPL 1304, to serve the borrower with notice of his or her default in a specified form by registered or certified mail and first class mail at least 90 days prior to the commencement of the action (see RPAPL 1304 [2]). Compliance with RPAPL 1304 is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [2011]), but failure to comply with RPAPL 1304 is not jurisdictional (see U.S. Bank N.A. v Carey, 137 AD3d 894, 896 [2016]; Pritchard v Curtis, 101 AD3d 1502, 1505 [2012]). Rather, it is a defense (see RPAPL 1302 [2]) which may be raised at any time (see U.S. Bank N.A. v Carey, 137 AD3d at 896; Citimortgage, Inc. v Espinal, 134 AD3d 876 [2015]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 105). However, in this case, that defense has never been raised by the defendants, who failed to appear or answer the complaint, and failed to oppose the plaintiff's motion. Therefore, the plaintiff was not required to disprove that defense (see U.S. Bank N.A. v Carey, 137 AD3d at 896; PHH Mtge. Corp. v Celestin, 130 AD3d 703 [2015]). Furthermore, the plaintiff established, prima facie, its entitlement to an order of reference by submitting the mortgage, the unpaid note, the complaint setting forth the facts establishing the claim, and evidence that the defendants defaulted on their payment obligations and failed to appear or answer the complaint within the time allowed (see RPAPL 1321; U.S. Bank N.A. v Norgriff, 131 AD3d 527, 528 [2015]; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226 [2014]). The defendants, who failed to

respond to the plaintiff's motion, despite being duly served with the motion papers and receiving an adjournment of the return date, thereby failed to assert any viable defenses (*see NationStar Mtge., LLC v Silveri*, 126 AD3d 864, 865 [2015]). Accordingly, the Supreme Court erred in denying, without prejudice, that branch of the plaintiff's unopposed motion which was for an order of reference. Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.