OPINION OF THE COURT
Thomas F. Whelan, J.
It is ordered that this motion (No. 001) by the plaintiff for an order granting it summary judgment against the DiPrima defendants, a default judgment against the corporate defendant, the deletion of the unknown defendants and an order appointing a referee to compute is considered under CPLR 3212, 3215, 1024, 1003 and RPAPL 1321 and is granted; and it is further ordered that the cross motion (No. 002) by the DiPrima defendants for an order dismissing the plaintiffs complaint on the grounds that the plaintiff failed to comply with RPAPL 1304 pre-action 90-day notice requirements and the filing requirements imposed by RPAPL 1306, and a denial of the plaintiff’s motion due to proof failures and the existence of issues of fact with respect to the plaintiff’s standing and the defendants’ purported default in payment is considered under RPAPL 1304 and 1306 and CPLR 3212 and 3215 and is denied.
In January of 2014, the plaintiff commenced this action to foreclose the lien of a June 2, 2007 mortgage given by the DiPrima defendants to Wilmington Finance, Inc., as security for a mortgage note likewise given in the principal amount of $365,032. Under the terms of a loan modification agreement executed by CitiMortgage, Inc., as lender/servicer, and the DiPrima defendants in May of 2010, the loan, which was then in default, was modified to reflect a new principal balance of *992 $370,371, a nonadjustable interest rate and an extension of the maturity date of the loan to July 1, 2047. According to the complaint, the modified loan went into default on November 1, 2011 and all notices of default required to be sent to the DiPrima defendants and filed with the New York State Department of Financial Services were duly mailed and filed.
In response to the plaintiff’s service of the summons and complaint, the DiPrima defendants appeared herein by service of an answer. Said answer contains some nine affirmative defenses and one counterclaim for counsel fees pursuant to Real Property Law § 282. The second, third and fourth affirmative defenses challenge the plaintiff’s standing and/or the enforceability of the contractual remedy of foreclosure. A challenge to the plaintiff’s compliance with the contractual default notice requirements is set forth in the fifth affirmative defense. The remaining affirmative defenses challenge the legal sufficiency of the complaint, the failure to join a necessary party and the propriety of the joinder of defendant Mortgage Electronic Registration Systems, Inc. (MERS), or assert unidentified defenses predicated upon documentary evidence. The MERS defendant, which was the only other defendant served with process, did not appear herein by answer.
By the instant motion (No. 001), the plaintiff seeks summary judgment dismissing the affirmative defenses and counterclaim set forth in the answer of the DiPrima defendants and an award of summary judgment in favor of the plaintiff on its complaint. The plaintiff also seeks a default judgment against defendant MERS, an order deleting the unknown defendants and the appointment of a referee to compute amounts due under the subject note and mortgage. The motion is opposed by the DiPrima defendants in cross-moving papers (No. 002) in which they seek dismissal of the complaint on the unpleaded ground that the plaintiff failed to comply with the pre-action, 90-day notice requirements imposed by RPAPL 1304 and the filing of such notices with the New York State Department of Financial Services as required by RPAPL 1306. The DiPrima defendants further contend that a denial of the plaintiff’s motion is warranted due to insufficiencies in the plaintiff’s proof and the existence of issues of fact with respect to the plaintiff’s standing and the defendants’ purported default in payment.
First considered is the cross motion (No. 002) by the DiPrima defendants as the court’s determination thereof may render the plaintiff’s motion-in-chief academic. Therein, the DiPrima *993 defendants seek a dismissal of the complaint on the grounds that the plaintiff failed to comply with the pre-action 90-day notice requirements imposed upon the plaintiff under RPAPL 1304 and the filing requirements for such notices that are required by RPAPL 1306. For the reasons stated, these demands for dismissal of the complaint are denied.
By statutory fiat, statements in a pleading, such as the complaint served in this foreclosure action, are deemed admitted unless they are denied (see CPLR 3018 [a]). A review of the complaint served in this action reveals that in paragraph five of the complaint, the plaintiff alleged, among other things, that it “complied with sending the ninety day notice as required by RPAPL § 1304” and that “it is in compliance with RPAPL § 1306, if applicable. The tracking number provided by the New York State Department of Financial Services for the reporting [is] NS3327774” (see complaint ¶ 5 [c], [d]). In addition, a review of the answer served by the DiPrima defendants reveals that they failed to deny any of the allegations in paragraph five of the complaint and none of the affirmative defenses asserted in the answer allege facts from which challenges to the plaintiff’s compliance with either the notice or filing provisions of RPAPL 1304 or 1306 are discernable.
By virtue of the foregoing and the application of traditional rules of New York practice and procedure, the DiPrima defendants are charged with making judicial admissions as to the issue of the plaintiff’s compliance with the statutory notice and filing requirements of RPAPL 1304 and 1306 and such admissions are final and binding upon them (see CPLR 3018; see also DeSouza v Khan, 128 AD3d 756 [2d Dept 2015]; Miller v Bah, 74 AD3d 761, 762 [2d Dept 2010]; Maplewood, Inc. v Wood, 21 AD3d 933 [2d Dept 2005]; GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549, 551 [2d Dept 2014] [“Facts admitted in a party’s pleadings constitute formal judicial admissions, and are conclusive of the facts admitted in the action in which they are made” (emphasis added)]). Under these circumstances, this court finds that the asserted grounds for the dismissal of the complaint advanced in the cross-moving papers of the DiPrima defendants, namely that the plaintiff failed to comply with default notice and filing provisions of RPAPL 1304 and 1306, are unavailing as these defenses are not available to the defendants in light of their pleading admissions as to plaintiff’s compliance with these statutory provisions.
Recent pronouncements set forth in case authorities issued by the Appellate Division, Second Department regarding the *994 nature of a RPAPL 1304 noncompliance defense and other similar statutory procedural defenses and the burdens of proof with respect thereto do not call for a different result nor any alteration of the foregoing finding. The RPAPL 1304 noncompliance defense was initially referred to as a “condition precedent” (see Aurora Loan Servs., LLC v Weisblum, 85 AJD3d 95, 102 [2d Dept 2011]; First Natl. Bank of Chicago v Silver, 73 AD3d 162 [2d Dept 2010]). As such, the plaintiff’s noncompliance with RPAPL 1304 or 1303 can be raised at any time “during an action,” irrespective of whether the claim of noncompliance is asserted in an answer and a failure to demonstrate compliance was held to warrant dismissal of the complaint (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95 [2011], supra; First Natl. Bank of Chicago v Silver, 73 AD3d 162 [2010], supra).
Nevertheless, more recent appellate case authorities refer to claims of noncompliance with RPAPL 1304 as a “defense,” which is the manner in which it is characterized in RPAPL 1302 (see Pritchard v Curtis, 101 AD3d 1502 [3d Dept 2012]), and have held that such defense is not one that is jurisdictional in nature (see Flagstar Bank, FSB v Jambelli, 140 AD3d 829 [2d Dept 2016]; U.S. Bank N.A. v Carey, 137 AD3d 894, 896 [2d Dept 2016]; Citimortgage, Inc. v Espinal, 134 AD3d 876 [2d Dept 2015]; cf. PHH Mtge. Corp. v Muricy, 135 AD3d 725 [2d Dept 2016]). Nor is compliance with RPAPL 1304 an element of the plaintiff’s claim for foreclosure and sale, as the plaintiff need not establish compliance with RPAPL 1304 on an unopposed application for an order of reference upon the default in answering of the obligor/mortgagor defendants (see CPLR 3215 [f]; Flagstar Bank, FSB v Jambelli, 140 AD3d 829 [2016], supra; U.S. Bank N.A. v Carey, 137 AD3d 894 [2016], supra; PHH Mtge. Corp. v Celestin, 130 AD3d 703 [2d Dept 2015]). Moreover, the plaintiff need not disprove the defense in the first instance on a motion for summary judgment if compliance has not been pleaded or the defense has not been asserted in an answer or in papers in which an obligor/mortgagor defendant entitled to the RPAPL 1304 notice opposes the plaintiff’s motion on that ground (see JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536 [2d Dept 2016]; Citimortgage, Inc. v Espinal, 134 AD3d 876 [2015], supra; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186 [2d Dept 2015]).
Although an RPAPL 1304 noncompliance defense is now more readily viewed as one akin to an affirmative defense, it is no ordinary affirmative defense, as it may be raised at any *995 time during the action. Accordingly, this statutory procedural defense, unlike the affirmative defenses of the type set forth in CPLR 3016, 3018 and 3211 (a), is not subject to waiver if not raised in a timely served pre-answer motion to dismiss or in an answer timely served (see Flagstar Bank, FSB v Jambelli, 140 AD3d 829 [2016], supra; U.S. Bank N.A. v Carey, 137 AD3d 894 [2016], supra; Citimortgage, Inc. v Espinal, 134 AD3d 876 [2015], supra; cf. Bank of N.Y. Trust Co., N.A. v Chiejina, 142 AD3d 570 [2d Dept 2016]; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760 [2d Dept 2013]). Nevertheless, the non-jurisdictional nature of the RPAPL 1304 “super” defense does not render it immune from waiver (see Emigrant Bank v Marando, 143 AD3d 856 [2d Dept 2016]; PHH Mtge. Corp. v Celestin, 130 AD3d 703 [2015], supra; Deutsche Bank Natl. Trust Co. v Posner, 89 AD3d 674 [2d Dept 2011]).
Here, the defendants’ judicial admissions as to the plaintiffs compliance with the default notice and filing requirements imposed by RPAPL 1304 and 1306 are conclusive and binding upon them and constituted a waiver of the noncompliance defenses upon which the defendants now predicate their cross motion (No. 002) to dismiss the complaint. The defendants’ demands for a dismissal of the complaint on those grounds are thus denied.
Next considered is the plaintiff’s motion-in-chief (No. 001) for accelerated judgments and other relief outlined above and the defendants’ opposition thereto which is set forth in their cross-moving papers. For the reasons stated, the plaintiff’s motion is granted.
Entitlement to summary judgment in favor of the foreclosing plaintiff is established, prima facie, by the plaintiff’s production of the mortgage and the unpaid note, and evidence of the default in payment (see Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176 [2d Dept 2015]; Wells Fargo Bank, N.A. v DeSouza, 126 AD3d 965 [2d Dept 2015]; One W. Bank, FSB v DiPilato, 124 AD3d 735 [2d Dept 2015]; Wells Fargo Bank, N.A. v Ali, 122 AD3d 726 [2d Dept 2014]). In addition, a plaintiff seeking summary judgment should establish that none of the affirmative defenses asserted in the answer or by any defendant have merit (see Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841 [2d Dept 2015]; Central Mtge. Co. v McClelland, 119 AD3d 885 [2d Dept 2014]; Bank of N.Y. Mellon Trust Co. v McCall, 116 AD3d 993 [2d Dept 2014]; Fairmont Capital, LLC v Laniado, 116 AD3d 998 [2d Dept 2014]; Mendel Group, Inc. v Prince, 114 *996 AD3d 732 [2d Dept 2014]; Becher v Feller, 64 AD3d 672 [2d Dept 2009]). Moreover, where the plaintiff’s standing has been placed in issue by the defendant’s answer, the plaintiff also must establish its standing as part of its prima facie showing of its entitlement to judgment as a matter of law (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015]; Loancare v Firshing, 130 AD3d 787 [2d Dept 2015]; HSBC Bank USA, N.A. v Baptiste, 128 AD3d 773 [2d Dept 2015]).
A foreclosing plaintiff has standing if it is either the holder or the assignee of the underlying note at the time that the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015]; Emigrant Bank v Larizza, 129 AD3d 904 [2d Dept 2015]). Either a written assignment of the underlying note or the physical delivery of it to the plaintiff prior to the commencement of the action is sufficient to transfer the obligation (see id.; Wells Fargo Bank, N.A. v Parker, 125 AD3d 848 [2d Dept 2015]; U.S. Bank N.A. v Guy, 125 AD3d 845 [2015]). It is thus the note, not the mortgage, which is the dispositive instrument that conveys standing to foreclose under New York law (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015], supra; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737 [3d Dept 2015]).
Proof that the plaintiff was in possession of the note on a day certain prior to the commencement of the action is sufficient to establish, prima facie, the plaintiff’s possession of the requisite standing to prosecute its claims for foreclosure and sale (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015], supra; U.S. Bank N.A. v Godwin, 137 AD3d 1260 [2d Dept 2016]; Wells Fargo Bank, N.A. v Joseph, 137 AD3d 896 [2d Dept 2016]). Where a pre-commencement note possession date is established by the plaintiff, it is unnecessary to give factual details of the note’s delivery in order to establish that possession was obtained prior to the commencement of the action on a particular date (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643 [2d Dept 2016]). Indeed, the establishment of the plaintiff’s possession of the mortgage note on a date prior to the commencement of the action is so conclusive that it renders unavailing all claims of defects in al-longes (see U.S. Bank N.A. v Askew, 138 AD3d 402 [1st Dept 2016]), and claims of defects in mortgage assignments (see Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199 [2d Dept 2016]; Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099 [2d Dept 2015]; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126 *997 [3d Dept 2013]; Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931 [2d Dept 2013]; see also Tuthill Fin. v Abundant Life Church, U.P.C., Inc., 122 AD3d 918 [2d Dept 2014]).
The moving papers before this court include an affirmation of plaintiffs counsel and copies of the note and mortgage, the modification agreement and other documents. They also include the affidavit of Darnell Johnson, an employee of Pennymac Loan Services, LLC, the entity that services the subject loan for the plaintiff, and it contains an averment that the plaintiff was in possession of the subject mortgage note on May 25, 2012, which was some 19 months prior to the commencement of this action by the plaintiff in January of 2014. This averment is sufficient to establish, prima facie, the plaintiffs standing to prosecute its claims for foreclosure and sale in this action against the DiPrima defendants. The affidavit of Mr. Johnson also contains averments that are sufficient to establish the default in payment on the part of the DiPrima defendants that occurred on November 1, 2011, as alleged in the complaint. In addition, the moving papers of the plaintiff sufficiently demonstrated, prima facie, that none of the affirmative defenses asserted in the answer served by the DiPrima defendants have merit. The plaintiff thus established a prima facie entitlement to summary judgment dismissing the affirmative defenses set forth in the answer of the defendants and summary judgment on the plaintiff’s complaint by it in its moving papers.
It was thus incumbent upon the answering defendants to submit proof sufficient to raise a genuine question of fact rebutting the plaintiff’s prima facie showing or in support of the affirmative defenses asserted in their answer or otherwise available to them (see Flagstar Bank v Bellafiore, 94 AD3d 1044 [2d Dept 2012]; Grogg v South Rd. Assoc., L.P., 74 AD3d 1021 [2d Dept 2010]; Wells Fargo Bank v Das Karla, 71 AD3d 1006 [2d Dept 2010]; Washington Mut. Bank, F.A. v O’Connor, 63 AD3d 832 [2d Dept 2009]; JP Morgan Chase Bank, N.A. v Agnello, 62 AD3d 662 [2d Dept 2009]; Aames Funding Corp. v Houston, 44 AD3d 692 [2d Dept 2007]). Notably, affirmative defenses predicated upon legal conclusions that are not substantiated with allegations of fact are subject to dismissal (see CPLR 3013, 3018 [b]; Katz v Miller, 120 AD3d 768 [2d Dept 2014]; Becher v Feller, 64 AD3d 672, 677 [2d Dept 2009]; Cohen Fashion Opt., Inc. v V & M Opt., Inc., 51 AD3d 619 [2d Dept 2008]). Where a defendant fails to oppose some or all matters advanced on a *998 motion for summary judgment, the facts as alleged in the movants’ papers may be deemed admitted as there is, in effect, a concession that no question of fact exists (see Kuehne & Nagel v Baiden, 36 NY2d 539 [1975]; see also Madeline D’Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606 [1st Dept 2012]; Argent Mtge. Co., LLC v Mentesana, 79 AD3d 1079 [2d Dept 2010]). In addition, the failure to raise pleaded affirmative defenses in opposition to a motion for summary judgment renders those defenses abandoned and thus without any efficacy (see New York Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756 [2d Dept 2013]; Starkman v City of Long Beach, 106 AD3d 1076 [2d Dept 2013]).
In this matter, only the standing defense, which is set forth in several of the separately stated affirmative defenses of the answer served by the defendants, was asserted in opposition to the plaintiff’s motion. All other pleaded affirmative defenses were waived and abandoned and are thus dismissed pursuant to CPLR 3212 (b) (see New York Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756 [2013], supra).
In addition to the standing defenses, the defendants assert challenges to the nature and quality of the plaintiff’s proof of its standing and of the defendants’ default in payment. In particular, the defendants assail the affidavit of merit wherein Darnell Johnson testified to the plaintiff’s possession of the mortgage note on May 25, 2012, which was well before the commencement of this action and his testimony regarding the default in payment that occurred on November 1, 2011. However, this court finds these challenges to be unavailing.
A business record will be admissible if that record “was made in the regular course of any business and ... it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter” (One Step Up, Ltd. v Webster Bus. Credit Corp., 87 AD3d 1, 11 [1st Dept 2011]; CPLR 4518 [a]). While
“ ‘the mere filing of papers received from other entities ... is insufficient to qualify the documents as business records’ . . . , such records are nonetheless admissible ‘if the recipient can establish personal knowledge of the maker’s business practices and procedures, or that the records provided by the maker were incorporated into the recipient’s own records or routinely relied upon by the recipient in its business’ ” (Deutsche Bank Natl. Trust *999 Co. v Monica, 131 AD3d 737, 739 [3d Dept 2015] [emphasis added], quoting State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293 [3d Dept 2012], citing People v Cratsley, 86 NY2d 81, 90-91 [1995]).
Appellate case authorities have thus held that a loan servicer may testify as to payment defaults, notice compliance, standing and other matters relevant to a foreclosing plaintiff’s prima facie case, by relying upon records it maintains in the regular course of its business as servicer of the subject mortgage loan (see Pennymac Holdings, LLC v Tomanelli, 139 AD3d 688 [2d Dept 2016]; Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199 [2d Dept 2016]; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001 [2d Dept 2015]; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973 [2d Dept 2014]; see also Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737 [2015], supra; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126 [3d Dept 2013]; Aames Capital Corp. v Ford, 294 AD2d 134 [1st Dept 2002]). It is also established law that an assignee or other transferee of the loan documents may rely upon the business records of the loan originator or other predecessors-in-interest to establish such transferee’s claims for recovery of amounts due from the debtor so long as it demonstrates that it relied upon those records in the regular course of its business (see Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d 418 [1st Dept 2012]; see also Portfolio Recovery Assoc., LLC v Lall, 127 AD3d 576 [1st Dept 2015]).
Upon review of the affidavit submitted in support of the plaintiff’s motion, including the affidavit of Mr. Johnson, an employee of the plaintiff’s servicer, this court finds that said affidavit conforms to the requirements of CPLR 4518 (a) (see Pennymac Holdings, LLC v Tomanelli, 139 AD3d 688 [2016], supra; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737 [2015], supra). All of defense counsel’s challenges to the character and quality of the affidavit of merit and the other submissions of the plaintiff are thus rejected as lacking in merit.
Also rejected as lacking in merit are the defendants’ claims that questions of fact exist regarding the issue of the plaintiff’s standing. These claims are premised in large part upon the two allonges attached to the note. The first contains a special indorsement by the original lender in favor of CitiMortgage, Inc., the entity that executed the modification agree *1000 ment. The second allonge contains an indorsement in blank by the plaintiff as attorney-in-fact for CitiMortgage. The defendants, through their counsel, contend that this second allonge is “problematic” since there is no evidence that the plaintiff was appointed as attorney-in-fact for CitiMortgage and, if so, whether it was authorized to issue allonges and indorsements.
As stated above, however, the establishment of the plaintiffs possession of the mortgage note on a date certain prior to the commencement of the action is so conclusive that no further proof is required (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015], supra; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643 [2016], supra), and it renders unavailing all claims of defects in the allonges (see U.S. Bank N.A. v Askew, 138 AD3d 402 [2016], supra). It also renders claims of defects in mortgage assignments unavailing since it is the note, not the mortgage, that is the dispositive instrument (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015], supra). Accordingly, the defendants’ complaints about the March 20, 2012 written assignment of mortgage by MERS, as nominee of the original lender, and the March 14, 2013 written assignment of mortgage by the plaintiff, as attorney-in-fact for CitiMortgage, in favor of the plaintiff, are irrevelant (see Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199 [2016], supra; Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099 [2d Dept 2015]; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126 [2013], supra; Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931 [2013], supra).
Accordingly, the court finds that the plaintiff is entitled to summary judgment dismissing the affirmative defenses asserted in the answer of the defendants and summary judgment on the plaintiff’s complaint. The court further finds that the counterclaim set forth in the answer served, which is one for the recovery of counsel fees pursuant to Real Property Law § 282, was rendered academic by the defendants’ inability to successfully defend against the plaintiff’s claim for foreclosure and sale. Accordingly, the plaintiff is further awarded summary judgment dismissing the defendants’ counterclaim.
Those portions of the instant motion wherein the plaintiff seeks an order dropping as party defendants the unknown defendants listed in the caption is granted. Also granted is an amendment of the caption to reflect this change.
The moving papers further established the default in answering on the part of the MERS defendant who failed to appear *1001 herein by answer (see HSBC Bank USA, N.A. v Alexander, 124 AD3d 838 [2d Dept 2015]). Accordingly, the default of all such defendants is hereby fixed and determined. Since the plaintiff has been awarded summary judgment against the answering defendants and has established a default in answering by the remaining defendants served with process, the plaintiff is entitled to an order appointing a referee to compute amounts due under the subject note and mortgage (see RPAPL 1321; Bank of E. Asia v Smith, 201 AD2d 522 [2d Dept 1994]; Vermont Fed. Bank v Chase, 226 AD2d 1034 [3d Dept 1996]; LaSalle Bank, N.A. v Pace, 31 Misc 3d 627 [Sup Ct, Suffolk County 2011], affd 100 AD3d 970 [2d Dept 2012]).