Citimortgage, Inc. v Wallach (2018 NY Slip Op 05016)





Citimortgage, Inc. v Wallach


2018 NY Slip Op 05016


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-00232
2016-00235
2017-03644
 (Index No. 7508/14)

[*1]Citimortgage, Inc., respondent, 
v
Robert M. Wallach, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Akerman, LLP, New York, NY (Ashley S. Miller of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert M. Wallach appeals from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 21, 2015, (2) an order of the same court entered September 22, 2015, and (3) a judgment of foreclosure and sale of the same court entered February 2, 2017. The order entered September 22, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert M. Wallach, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
The defendant Robert M. Wallach (hereinafter the appellant) executed, in favor of the plaintiff's predecessors in interest, two promissory notes, both secured by mortgages on certain residential property, as well as a consolidation, extension, and modification agreement (hereinafter CEMA), consolidating the notes and mortgages. Upon the appellant's alleged default in making payment on the debt, the plaintiff commenced the instant foreclosure action. In his answer, the appellant asserted as an affirmative defense that the plaintiff failed to comply with RPAPL 1304 and with provisions in the mortgages and CEMA, which required a 30-day notice to cure a default. The [*2]plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant, to strike the appellant's answer, and for an order of reference. The appellant cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the plaintiff's motion and denied the appellant's cross motion.
The plaintiff established, prima facie, that it strictly complied with the 90-day notice requirement of RPAPL 1304 (see U.S. Bank N.A. v Henry, 157 AD3d 839, 841; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). The statute requires that the specified notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). Proper mailing may be proven by documents meeting the requirements of the business records exception to the rule against hearsay under CPLR 4518 (see CitiMorgage Inc. v Pappas, 147 AD3d 900, 901). Here, in addition to the affidavit of its employee averring that RPAPL 1304 notices, which were attached to the affidavit, were sent by certified and first-class mail to the appellant's last known address, the plaintiff submitted admissible business records evincing such mailings (see CitiMortgage, Inc. v Espinal, 134 AD3d 876, 878). This evidence was further corroborated by tracking information for the mailing and delivery of the notices (see id. at 878).
In opposition to this prima facie showing, the appellant failed to raise a triable issue of fact. Furthermore, the same affidavit of the plaintiff's employee and business records established that notices to cure were properly mailed, as required by the mortgages and CEMA.
The appellant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant, to strike the appellant's answer, and for an order of reference, and denied the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court