Citimortgage, Inc. v Succes (2019 NY Slip Op 02058)





Citimortgage, Inc. v Succes


2019 NY Slip Op 02058


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-09364 
2017-02054
 (Index No. 8885/14)

[*1]Citimortgage, Inc., respondent, 
v
Vladimir Succes, et al., appellants, et al., defendants.


Rubin & Licatesi, P.C., Garden City, NY (Richard H. Rubin and Amy J. Zamir of counsel), for appellants.
Akerman LLP, New York, NY (Jordan M. Smith and Natsayi Mawere of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Vladimir Succes and Natacha Succes appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 18, 2016, and (2) an order of the same court entered May 19, 2016. The order entered May 18, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference. The order entered May 19, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order entered May 18, 2016, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Vladimir Succes and Natacha Succes and for an order of reference are denied, and so much of the order entered May 19, 2016, as granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the order entered May 19, 2016, is dismissed as academic in light of our determination on the appeal from the order entered May 18, 2016; and it is further,
ORDERED that one bill of costs is awarded to the defendants Vladimir Succes and Natacha Succes.
The plaintiff commenced this action against the defendants Vladimir Succes and Natacha Succes (hereinafter together the defendants), among others, to foreclose a mortgage. The defendants interposed an answer to the complaint. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion on the ground that, among other things, the plaintiff failed to demonstrate its compliance with RPAPL 1304. The Supreme Court granted the motion, [*2]and the defendants appeal.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. "Proper mailing may be proven by documents meeting the requirements of the business records exception to the rule against hearsay under CPLR 4518" (Citimortgage, Inc. v Wallach, 163 AD3d 520, 521; see CitiMortgage, Inc. v Espinal, 134 AD3d 876, 878).
Here, the plaintiff relied upon the affidavit of an employee who claimed that the plaintiff's business records showed that RPAPL 1304 notices were sent by certified and first-class mail. However, the documentary evidence submitted in support of those claims redacted certain tracking numbers and failed to establish, prima facie, that the notices were mailed by first-class mail (cf. Citimortgage, Inc. v Wallach, 163 AD3d at 521; Citimortgage, Inc. v Banks, 155 AD3d 936, 937). Since the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Bank of N.Y. Mellon v Zavolunov, 157 AD3d 754, 757).
In view of our determination, we need not address the defendants' remaining contention.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court