U.S. Bank Trust, N.A. v Green (2019 NY Slip Op 04988)





U.S. Bank Trust, N.A. v Green


2019 NY Slip Op 04988


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-00014
2018-00015
 (Index No. 711804/16)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Taysha Green, et al., defendants.


Cohn & Roth, LLC, Mineola, NY (Kevin T. MacTiernan of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from two orders of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered May 5, 2017, and October 12, 2017, respectively. The order entered May 5, 2017, denied the plaintiff's unopposed motion for leave to enter a default judgment and for an order of reference. The order entered May 5, 2017, denied the plaintiff's unopposed renewed motion for leave to enter a default judgment and for an order of reference
ORDERED that the order entered October 12, 2017, is reversed, on the law, without costs or disbursements, and the plaintiff's renewed motion for leave to enter a default judgment and for an order of reference is granted; and it is further,
ORDERED that the appeal from the order entered May 5, 2017, is dismissed as academic in light of our determination on the appeal from the order entered October 12, 2017, without costs or disbursements.
The plaintiff commenced this residential mortgage foreclosure action against various defendants, including the borrowers Taysha Green and Liza Green. None of the defendants appeared in the action. Thereafter, the plaintiff moved for leave to enter a default judgment and for an order of reference. In an order entered May 5, 2017, the Supreme Court denied the unopposed motion, holding, among other things, that the affidavit of merit submitted in support thereof, executed by an officer of the plaintiff's loan servicer, Caliber Home Loans, Inc. (hereinafter Caliber), was not accompanied by a valid power of attorney establishing Caliber's authority to act as the plaintiff's attorney-in-fact.
Thereafter, the plaintiff filed a renewed motion for leave to enter a default judgment and for an order of reference, this time supported by, among other things, a limited power of attorney authorizing Caliber to act on behalf of the plaintiff. By order entered October 12, 2017, the Supreme Court denied the plaintiff's unopposed renewed motion as insufficient. The plaintiff appeals from both orders.
An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (see HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944; [*2]see CPLR 3215[f]). To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806).
Here, the plaintiff's unopposed renewed motion for a default judgment was facially adequate pursuant to CPLR 3215(f), and therefore, should have been granted (see HSBC Bank USA, N.A. v Clayton, 146 AD3d at 944; U.S. Bank N.A. v Wolnerman, 135 AD3d 850, 851). Contrary to the Supreme Court's determination, the plaintiff was not required to demonstrate its compliance with RPAPL 1304, since the failure to comply with RPAPL 1304 is not a jurisdictional defect, and that defense was never raised by the borrowers, who failed to appear or answer the complaint (see Flagstar Bank, FSB v Jambelli, 140 AD3d 829; U.S. Bank N.A. v Carey, 137 AD3d 894, 896). Moreover, the plaintiff established its entitlement to an order of reference (see RPAPL 1321; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026).
Accordingly, the Supreme Court should have granted the plaintiff's renewed motion for leave to enter a default judgment and an order of reference.
The plaintiff's appeal from the order entered May 5, 2017, has been rendered academic in light of our determination on the appeal from the order entered October 12, 2017.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court