Wells Fargo Bank, N.A. v Morales (2019 NY Slip Op 08891)





Wells Fargo Bank, N.A. v Morales


2019 NY Slip Op 08891


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-04158
 (Index No. 16215/12)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
Jorge R. Morales, etc., et al., defendants.


Knuckles Komosinski & Manfro LLP, Elmsford, NY (Louis A. Levithan of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated April 8, 2016. The order denied the plaintiff's unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is granted.
The plaintiff commenced this action against the defendants Jorge R. Morales, Emerito Rodriguez, and Piedad Rodriguez (hereinafter collectively the defendants), among others, to foreclose a mortgage on residential property in Queens. The defendants interposed an answer in which they asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion. In a decision dated December 5, 2013, the Supreme Court found, inter alia, that the plaintiff produced evidence demonstrating, prima facie, that it complied with RPAPL 1304, and that the defendants failed to raise a triable issue of fact in opposition. In an order dated February 18, 2015, the court, upon the decision, granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants did not submit opposition to the motion. The Supreme Court denied the motion on the grounds that the plaintiff failed to comply with RPAPL 1304 and failed to submit a copy of an order evidencing the outcome of a mandatory foreclosure settlement conference held pursuant to CPLR 3408(a)(4). The plaintiff appeals.
RPAPL 1304 provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910).
A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action (see Bank of NY Mellon v Weber, 169 AD3d 981, 985; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; U.S. Bank N.A. v Carey, 137 AD3d 894, 896). However, where the defense is never raised by the borrower, the plaintiff is not required to disprove the defense (see Flagstar Bank, FSB v Jambelli, 140 AD3d at 830; U.S. Bank N.A. v Carey, 137 AD3d at 896).
Here, the defendants raised the issue of noncompliance with RPAPL 1304 in their answer, the plaintiff presented evidence of its compliance with the statute on its motion, inter alia, for summary judgment on the complaint, and, in granting that motion, the Supreme Court decided the issue in the plaintiff's favor. Therefore, pursuant to the doctrine of law of the case (see RPG Consulting, Inc. v Zormati, 82 AD3d 739, 740), the court was precluded from reconsidering the issue on the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (see Thomas v Dietrick, 284 AD2d 325, 325). Moreover, since the defendants did not oppose the plaintiff's motion to confirm the referee's report and, therefore, did not raise the issue of the plaintiff's noncompliance with RPAPL 1304 in opposition to the motion, the court should not have raised the issue sua sponte (see Flagstar Bank, FSB v Jambelli, 140 AD3d at 830; U.S. Bank N.A. v Carey, 137 AD3d at 896).
Contrary to the Supreme Court's determination, in support of its motion, the plaintiff submitted the decision dated December 5, 2013, in which the court stated that no settlement was reached at a settlement conference held on October 10, 2013.
In support of its motion, the plaintiff established its entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default, as evidenced by the award of summary judgment to the plaintiff, and also established the amount due under the note by submitting the referee's report. The defendants did not oppose the motion. Accordingly, the Supreme Court should have granted the motion (see Cafaro v Tineo, 135 AD3d 887, 887).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court