Chase Home Fin., LLC v Guido (2020 NY Slip Op 07854)





Chase Home Fin., LLC v Guido


2020 NY Slip Op 07854


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-07911
 (Index No. 9514/11)

[*1]Chase Home Finance, LLC, appellant,
v
William Guido, etc., et al., defendants.


Fein, Such & Crane, LLP, Rochester, NY (John A. Cirando and David P. Case of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated April 27, 2015. The order denied the plaintiff's unopposed motion for leave to enter a default judgment and for an order of reference, and, sua sponte, directed dismissal of the complaint based upon the plaintiff's alleged failure to comply with RPAPL 1304.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for leave to enter a default judgment and for an order of reference is granted.
In this action to foreclose a mortgage, in which the defendants failed to appear or answer the complaint, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment and for an order of reference, and should not have, sua sponte, directed dismissal of the complaint based on its determination that the plaintiff failed to establish that it complied with RPAPL 1304 (see U.S. Bank N.A. v Carey, 137 AD3d 894, 896). The failure to comply with RPAPL 1304 is not a jurisdictional defect (see Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 901). Therefore, a plaintiff is not required to disprove the defense unless it is raised by defendants, and in this case the defendants failed to appear in the action or answer the complaint (see Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830).
Moreover, the plaintiff's submissions in support of the motion established its entitlement to a default judgment and an order of reference (see U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112).
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court